UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT R. CARTER, | ) | CV F 03 5436 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND RECOMMENDATION |
| | ) | [Doc. #17] |
| v. | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| ED ALAMEIDA, JR., Director, | ) | [Doc. #1] |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 8, 2005, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On June 20, 2005, Petitioner filed objections to the Findings and Recommendation.

1  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.   The objections do not persuade the court that there is a need to modify the Findings and Recommendations based on the points raised in the objections.

In his objections, Petitioner focuses on his claim alleging that trial counsel was ineffective for not calling himself and the car's passenger to testify at the motion to suppress.  Petitioner provides affidavits indicating that both he and the witness would testify Petitioner did not consent to the search of the trunk.  Preliminarily, the court agrees with the Magistrate Judge that this claim is procedurally defaulted.  A federal court will not review a petitioner's claim if the state court has denied relief pursuant to a state law that is independent of federal law and adequate to support the judgment. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991); Coleman v. Thompson, 501 U.S. 722, 729-30 (1989).  A state court's refusal to hear the merits of a claim because of a petitioner's failure to follow a state procedural rule is considered a denial of relief on independent and adequate state grounds.  Harris v. Reed, 489 U.S. 255, 260-61 (1989).   In this case, the Kern County Superior Court denied Petitioner's ineffective assistance of counsel claim based on the motion to suppress citing to In re Clark, 5 Cal.4th 750, 760 (1993).   In his objections, Petitioner contends the California Supreme Court's denial of this claim without citation or discussion means that the California Supreme Court reviewed the merits of Petitioner's claim despite what the Kern County Superior Court did.   Petitioner is correct that in general if the California Supreme Court denies a petitioner's claims without any comment or citation, the court must consider that it is a decision on the merits.  Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1991).  However, if the California Supreme Court denies a petitioner's claims without any comment or citation, the federal court may "look through" the denial to the last-reasoned decision to determine the grounds for the denial.  Ylst, 501 U.S. at 801-06 ("where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").   Here, the Magistrate Judge did not err in looking through the California Supreme Court's silent denial and finding that the California Supreme Court upheld the California Superior

1  Court's finding the claim was untimely.

2      Petitioner next contends that California's timeliness rule is not independent of federal law.
3  "For a state procedural rule to be 'independent,' the state law basis for the decision must not be
4  interwoven with federal law." La Crosse v. Kernan, 244 F.3d 702, 704 (9th Cir.2001).  "A state law
5  ground is so interwoven if 'the state has made application of the procedural bar depend on an
6  antecedent ruling on federal law [such as] the determination of whether federal constitutional error
7  has been committed.'" Park v. California, 202 F.3d 1146, 1152 (9th Cir.2000) (quoting Ake v.
8  Oklahoma, 470 U.S. 68, 75 (1985) (brackets in original)).   The California state court's orders in this
9  case do not indicate whether or not the courts considered federal law when they invoked the In re
10 Clark procedural bar.   However, in 1998 the California Supreme Court declared that it would no
11 longer consider federal law when denying a habeas claim as procedurally barred for untimeliness,
12 with one exception not at issue here.  In re Robbins, 18 Cal.4th 770 (1998).  In Bennett v. Mueller,
13 322 F.3d 573 (9th Cir.2003), the Ninth Circuit stated that:

> we respect the California Supreme Court's sovereign right to interpret its state
> constitution independent of the federal law. Applying Robbins prospectively, we
> [conclude] that the California Supreme Court's post-Robbins denial of [a] state
> petition for lack of diligence (untimeliness) was not interwoven with federal law and
> therefore is an independent procedural ground.

17 Id. at 582-83.  Based on Bennett, the court finds that the California courts' post-Robbins decision
18 denying Petitioner's claim on procedural grounds rests on state law ground that are independent of
19 the federal question.

20     The court notes that a state procedural bar is inadequate to support a state-court judgment if it
21 is not "clear, consistently applied, and well-established at the time of the petitioner's purported
22 default." Wells v. Maass, 28 F.3d 1005, 1010 (9th Cir.1994).   In Bennett, the Ninth Circuit adopted a
23 burden-shifting test for determining whether a state procedural bar is adequate. The Ninth Circuit
24 held that "[o]nce the state has adequately pled the existence of an independent and adequate state
25 procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the
26 petitioner. . .[and] the petitioner may satisfy this burden by asserting specific factual allegations that
27 demonstrate the inadequacy of the state procedure, including citation to authority demonstrating
28 inconsistent application of the rule."    Bennett, 322 F.3d at 585-86.   Here, Respondent has pled the

existence of an independent and adequate state procedural ground as an affirmative defense. Petitioner has provided no argument or evidence that California's timeliness rule is not consistently applied. Thus, for the purposes of this case, the <u>In re Clark</u> procedural rule invoked by the California courts is adequate. Thus, the court agrees Petitioner's claim is procedurally defaulted.

In addition, Petitioner is not entitled to relief on this claim. As explained by the Magistrate Judge, to succeed on a claim for ineffective assistance of counsel, the petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment and the petitioner must show that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 684-97 (1984). The court agrees with the Magistrate Judge that even if counsel had called Petitioner and the witness and somehow the trial court had believed them over the officer, the suppression of the scale would not have resulted in a different verdict. The tapes of Petitioner discussing drug deals was the primary evidence against Petitioner. If the jury had not believed it was Petitioner on the tapes, the jury would not have convicted Petitioner of conspiracy. Thus, the admission of the scale did not prejudice Petitioner.

Finally, Petitioner contends that the court cannot resolve the ineffective assistance of counsel claim without holding an evidentiary hearing. After the answer and state record are filed in a habeas corpus proceeding, the court may conduct an evidentiary hearing. Rule 8 (a) of the Rules Governing Section 2254 Cases. An evidentiary hearing to resolve disputed facts must be held if two tests are met. First, the petitioner must show disputed facts and that if the petitioner's facts are true would entitle the petitioner to relief. <u>Townsend v. Sain</u>, 372 U.S. 293, 312 (1963), *overruled in part by* <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1 (1992). Second, the petitioner must not have received "a full and fair evidentiary hearing in state court, either at the time of trial or in a collateral proceeding." <u>Townsend</u>, 372 U.S. at 312. Petitioner argues in his objections that he never received a full and fair evidentiary hearing in the state court. However, it is unnecessary to get to this step of the analysis. Petitioner has failed to show disputed facts. For the purposes of resolving this petition, the court has assumed the declarations submitted by Petitioner are true. The court has found that even if they are true, i.e. the people would have testified consistent with their declarations, Petitioner's counsel was

1  not ineffective and counsel's conduct did not prejudice Petitioner. No evidentiary hearing is
2  necessary to resolve the issues of effectiveness and prejudice raised in this case. Thus, the court
3  may deny the petition without an evidentiary hearing.

5       Accordingly, IT IS HEREBY ORDERED that:
6       1. The Findings and Recommendation issued June 8, 2005, is ADOPTED IN FULL;
7       2. The Petition for Writ of Habeas Corpus is DENIED WITH PREJUDICE; and
8       3. The Clerk of Court is DIRECTED to enter judgment.

10 IT IS SO ORDERED.
11 **Dated:    August 22, 2005**                    **/s/ Anthony W. Ishii**
   0m8i78                                           UNITED STATES DISTRICT JUDGE