UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT R. CARTER, | ) | CV F 03 5436 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| | ) | |
| v. | ) | |
| | ) | |
| ED ALAMEIDA, JR., Director, | ) | (Document #22) |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 23, 2005, the court adopted the Magistrate Judge's Findings and Recommendations and denied the petition for writ of habeas corpus. On September 6, 2005, Petitioner filed a notice of appeal and a motion for an certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
    (B) the final order in a proceeding under section 2255.
    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).   Here, jurists of reason would not debate that under current Ninth Circuit precedent Petitioner's claim was procedurally defaulted.

If the court denies a Petitioner's petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.   Given the evidence against Petitioner, the court cannot find that jurists of reason would debate whether Petitioner was prejudiced by trial counsel not calling additional witnesses at the motion to suppress.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for a certificate of appealability is DENIED.

IT IS SO ORDERED.

**Dated:   September 27, 2005**             **/s/ Anthony W. Ishii**
0m8i78                                 UNITED STATES DISTRICT JUDGE